1  Chris Trahan, State Bar No. 244007
   Email: ckt@moorebrewer.com
2  Duane Tyler, State Bar No. 147191
   Email: dt@moorebrewer.com
3  MOORE, BREWER, JONES, TYLER & NORTH
   5870 Stoneridge Mall Road, Suite 206
4  Pleasanton, CA 94588
   Telephone: (408) 279-8800
5  Facsimile: (408) 279-8129

6  Attorneys for Plaintiff,
   REDWOOD CREDIT UNION
7

**FILED**

AUG 25 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

E-filing

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10

11  REDWOOD CREDIT UNION,                    )  Civil Case No.:
                                             )  C08-04059  MEJ
12              Plaintiff,                   )
                                             )
13       v.                                  )  MEMORANDUM OF POINTS AND
                                             )  AUTHORITIES IN SUPPORT OF MOTION
14  The Vessel NAUTI 'N NICE, its engines, boilers, )  FOR ISSUANCE OF WARRANT FOR
    tackle, furniture, licenses, masts, bowsprit, boat, )  ARREST OF VESSEL AND
15  anchors, cables, chains, rigging, tackle, apparel, )  APPURTENANCES
    furniture, and all other appurtenances, etc., in rem, )
16  and JOSEPH M. PEULEN, an Individual, in )
17  personam,                                )
                                             )
18              Defendants.                  )

19       Plaintiff REDWOOD CREDIT UNION (the "Credit Union") respectfully submits the following

20  Memorandum of Points and Authorities in support of its Request for Review in accordance with Rule C

21  of the Supplemental Rules for Certain Admiralty and Maritime Claims, Federal Rules of Civil Procedure

22  (hereinafter, "FRCivP Supp C").

23
                           I.    Introduction
24
         This is an admiralty and maritime claim arising from a promissory note secured by a Preferred
25
    Mortgage on Vessel documented through the U.S. Coast Guard. On or about January 8, 2004, Defendant
26
    Joseph M. Peulen (hereinafter "Defendant Peulen") entered into a written Loan Agreement and Security
27
    Agreement (the "Agreement") with the Credit Union. The Agreement was secured by Defendant Nauti
28
                                              -1-

'N Nice, Official Number 671702 (hereinafter the "Defendant Vessel"), in the form of a Preferred Mortgage of Vessel (the "Mortgage") on or about January 8, 2004. The Mortgage provides that if Defendant Peulen fails to make the payments due under the Agreement, the Credit Union may take possession of and foreclose and sell the Defendant Vessel pursuant to the terms of the Agreement, the Mortgage, and the requirements of 46 U.S.C. Chapter 313. Defendant Peulen defaulted under the terms of the Agreement and the Mortgage and the Credit Union filed its verified complaint *in rem* to foreclose and sell the Defendant Vessel and *in personam* against Defendant Peulen on the Promissory Note.

Pursuant to FRCivP Supp C., judicial review of the plaintiff's verified complaint and supporting papers to determine that the conditions for an *in rem* action appear to exist is required prior to the Court instructing the Clerk to issue a Warrant for Arrest of Vessel.

## II.   Judicial Review Required

Pursuant to FRCivP Supp C, judicial review of the verified complaint and supporting papers, and a finding that the conditions for an action *in rem* appear to exist, is required before the Clerk may issue the Warrant for Arrest of Vessel.

Rule C (3) in pertinent part reads:

**Rule C. Actions in Rem: Special Provisions**

   (3) Judicial Authorization and Process.

   (a) Arrest Warrant.

   (i) The court must review the complaint and any supporting papers. If the conditions for an in rem action appear to exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action.

The verified complaint and supporting papers filed in this action are available for the Court's review and upon review the Court should find that the conditions for an action *in rem* appear to exist.

## III.   Action Properly In Rem

The conditions for an *in rem* action exist pursuant to the verified complaint and supporting

-2-

documents on file herein, because the present action is a suit in Admiralty under the provisions of 46 U.S.C. 31325 for foreclosure of a First Preferred Mortgage on a Vessel and is an action properly *in rem* under the provisions of 46 U.S.C. 31325, which reads in pertinent part as follows:

**Sec. 31325. Preferred mortgage liens and enforcement**

(a) A preferred mortgage is a lien on the mortgaged vessel in the amount of the outstanding mortgage indebtedness secured by the vessel.
(b) On default of any term of the preferred mortgage, the mortgagee may -
(1) enforce the preferred mortgage lien in a civil action in rem for a documented vessel, a vessel to be documented under chapter 121 of this title, a vessel titled in a State, or a foreign vessel.

Pursuant to the verified complaint and supporting documents filed in this action, Defendant Peulen defaulted on one or more terms of the preferred mortgage. Therefore, plaintiff may enforce its preferred mortgage lien in a civil action *in rem* for the Defendant Vessel, a documented vessel.

## IV.   Conclusion

As stated above, Defendant Peulen entered into a Loan Agreement with the Credit Union that was secured by a First Preferred Mortgage on the Defendant Vessel. Defendant Peulen is in default under the agreement but has refused to pay despite demand. The Credit Union, therefore, filed its verified complaint *in rem* to foreclose and sell the Defendant Vessel and *in personam* against Defendant Peulen on the Promissory Note. For the foregoing reasons, the Credit Union respectfully requests that the Court order the Clerk to issue a Warrant for Arrest of Vessel.

Dated: August 20, 2008                                  **MOORE, BREWER, JONES, TYLER & NORTH**

By: _____
Chris Trahan
Duane Tyler
Attorneys for Plaintiff,
Redwood Credit Union

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ISSUANCE OF WARRANT FOR ARREST OF VESSEL AND APPURTENANCES